# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3282

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *   Appeal from the United States
      v.                                     *   District Court for the
                                             *   Western District of Arkansas.
Sherman Guy,                                 *
                                             *    [UNPUBLISHED]
            Appellant.                       *

_____

Submitted: June 6, 2003
    Filed: June 12, 2003

_____

Before MURPHY, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Sherman Guy pleaded guilty to distributing cocaine base and the district court[1] sentenced him to 120 months imprisonment and 5 years supervised release. On appeal, Guy's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), raising the following issues: whether the sentencing court erred in considering cocaine base which formed the basis of other distribution counts that were dismissed, and whether the court erred in determining that Guy was a career offender. In a pro se supplemental brief, Guy reasserts these issues, and also

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

argues that the government breached the plea agreement by failing to object to inclusion of the cocaine base from the dismissed counts in calculating his sentence, the government failed to disclose that he would be sentenced as a career offender, and his counsel was ineffective.

The district court properly sentenced Guy as a career offender. Guy was over 18 years old when he committed the instant controlled-substance offense, and he previously had been convicted of two controlled-substance offenses and two crimes of violence. See U.S.S.G. §§ 4B1.1 (career-offender criteria); 4B1.2(a) and (b) (defining crime of violence and controlled-substance offense). Thus, his offense level was determined by his career-offender status, not the cocaine base from the dismissed counts. See United States v. Darden, 70 F.3d 1507, 1548 n.17 (8th Cir. 1995) (declining to review argument which would not affect sentence), cert. denied, 517 U.S. 1149 and 518 U.S. 1026 (1996). As to Guy's pro se arguments, the government did not breach the plea agreement, which specified that the sentencing range could be higher than was estimated during plea negotiations, and Guy's ineffective-assistance claim is not properly raised in this direct criminal appeal. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

Upon careful review of the record, see Penson v. Ohio, 488 U.S. 75 (1988), we find no other nonfrivolous issues. Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.